UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT R. JENKINS,<br><br>              Plaintiff,<br><br>-v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>              Defendants. | Civil Action No.: 2:25-cv-6081 |

### DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S
### ANSWER TO THE COMPLAINT

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, submits the following Answer to Plaintiff's Complaint ("Complaint").

PRA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. PRA further states that its investigation of the present matter is ongoing. Accordingly, PRA reserves the right to amend this Answer.

In response to the separately numbered paragraphs in the Complaint, PRA states as follows:

### PARTIES

1. PRA admits Plaintiff is a natural person. PRA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2. PRA admits it is a Delaware limited liability company with its headquarters in Norfolk, Virginia. The remaining allegations in Paragraph 2 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 2 of the Complaint are denied.

3. The allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 3 of the Complaint are denied.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 4 of the Complaint are denied.

5. The allegations in Paragraph 5 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 5 of the Complaint are denied.

6. The allegations in Paragraph 6 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 6 of the Complaint are denied.

## GENERAL ALLEGATIONS

7. PRA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8. PRA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

9. PRA denies the allegations in Paragraph 9 of the Complaint.

## FIRST CAUSE OF ACTION: 15 U.S.C. § 1681b
## FAIR CREDIT REPORTING ACT VIOLATION

10. PRA incorporates and re-asserts the responses in the above paragraphs as if fully stated herein.

11. PRA admits that Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(f). PRA denies any remaining allegations in Paragraph 11 of the Complaint.

12. PRA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the same.

13. The allegations in Paragraph 13 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 13 of the Complaint are denied.

14. The allegations in Paragraph 14 of the Complaint state legal conclusions to which no response is required. Specifically, the allegations in Paragraph 14 purport to quote and/or characterize the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* In the event a response is deemed to be required, PRA denies that the allegations in Paragraph 14 accurately and completely characterize the nature and scope of the FCRA when taken as a whole.

15. The allegations in Paragraph 15 of the Complaint state legal conclusions to which no response is required. Specifically, the allegations in Paragraph 15 purport to quote and/or characterize the FCRA. In the event a response is deemed to be required, PRA denies that the allegations in Paragraph 15 accurately and completely characterize the nature and scope of the FCRA when taken as a whole.

16. PRA denies the allegations in Paragraph 16 of the Complaint.

17. PRA denies the allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 18 of the Complaint are denied.

19. PRA denies the allegations in Paragraph 19 of the Complaint and further denies it is liable to Plaintiff or any of the alleged harm.

20. PRA denies the allegations in Paragraph 20 of the Complaint.

21. PRA admits Plaintiff purports to allege intangible injuries for purposes of Article III standing. PRA denies Plaintiff is entitled to any of the requested relief or that it is liable to Plaintiff for any of the alleged harm. Except as expressly admitted, PRA denies all allegations in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint state legal conclusions to which no response is required. Specifically, the allegations in Paragraph 22 purport to quote and/or characterize *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). In the event a response is deemed to be required, PRA denies that the allegations in Paragraph 22 accurately and completely characterize the nature and scope of the referenced case when taken as a whole.

23. PRA denies the allegations in Paragraph 23 of the Complaint and further denies Plaintiff is entitled to any of the requested relief.

24. PRA denies the allegations in Paragraph 24 of the Complaint and further denies Plaintiff is entitled to any of the requested relief.

25. PRA denies the allegations in Paragraph 25 of the Complaint and further denies Plaintiff is entitled to any of the requested relief.

26. PRA denies the allegations in Paragraph 26 of the Complaint, including the allegations in subparagraphs (a) through (f), and further denies Plaintiff is entitled to any of the requested relief.

27. PRA denies the allegations in Paragraph 27 of the Complaint and further denies Plaintiff is entitled to any of the requested relief. PRA denies the allegations relating to Plaintiff's

request for relief and/or judgment contained in the "WHEREFORE" paragraph immediately following Paragraph 27 of the Complaint, including the requests for relief in subparagraphs (1) through (5). PRA denies that Plaintiff is entitled to any of the requested relief and/or judgments from PRA.

## AFFIRMATIVE AND OTHER DEFENSES

PRA hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

## SECOND AFFIRMATIVE DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent Plaintiff lacks standing to pursue the claims set out in the Complaint and insofar as she has suffered no injury caused by an act or omission of PRA.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

5

## FIFTH AFFIRMATIVE DEFENSE
### (Set-Off)

Plaintiff's claim is subject to set-off of any sums due and owing to PRA.

## SIXTH AFFIRMATIVE DEFENSE
### (Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute in the original agreement creating the obligation, the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration.

## SEVENTH AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims fail to the extent that they are barred because all information PRA communicated to any third person regarding Plaintiff was true.

## EIGHTH AFFIRMATIVE DEFENSE
### (Standing Under FCRA)

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA. Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, not compensable.

PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, requests that the Court enter an order: (1) dismissing the Complaint with prejudice; and (2) awarding PRA such other and further relief as the Court may deem just and proper.

                                  Respectfully submitted,

Dated: October 30, 2025            */s/ Stephen J. Steinlight*
New York, New York              Stephen J. Steinlight
                                        **Troutman Pepper Locke LLP**
                                        875 Third Avenue
                                        New York, New York 10022
                                        T: 212.704.6000
                                        F: 212.704.6288
                                        E: Stephen.Steinlight@troutman.com
                                        *Counsel for Defendant Portfolio Recovery Associates, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November 2025, I filed the foregoing document with the Clerk of the Court via the Court's CM/ECF system, and sent a copy of the same via electronic mail and U.S. Mail to the following party.

    Jarrett R. Jenkins
    334 Locust Street, Apt. 1
    West Hempstead, New York 11552
    jrobertjenkins@gmail.com
    *Plaintiff Pro Se*

                                      */s/ Stephen J. Steinlight*
                                      Stephen J. Steinlight