**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JARRETT R. JENKINS,

Plaintiff,

-v-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Defendant.

Civil Action No.: 2:25-cv-6081

**PRA'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE**

Defendant, Portfolio Recovery Associates, LLC ("PRA"), respectfully submits the following supplemental statement of undisputed material facts pursuant to Local Rule 56.1:

1. PRA purchases nonperforming loans and attempts to recover those loans from the debtor. Declaration of Ricky Vaughan ("Vaughan Decl."), ¶ 9, July 30, 2026, attached as **Exhibit 1**.

2. When PRA purchases customer accounts, it receives certain Original Account-Level Documentation ("OALD") and information from the original creditor. Vaughan Decl., ¶ 10.

3. OALD items may include: the sale notification letter from the original creditor to the debtor, account transaction history information, the terms and conditions applicable to the account, activity or charge-off statements, final statements, and/or other documentation. Vaughan Decl., ¶ 11.

4. PRA incorporates the OALD that it receives from underlying creditors into its own business records and uses the information and documents as a part of its business in attempting to recover the nonperforming loans. Vaughan Decl., ¶ 12.

5. When PRA purchases customer accounts, it receives a "Notification File," also known as a "Sale File," from the original creditor. The Sale File is a computer file that identifies the accounts PRA is purchasing from the underlying creditor on the purchase date. Vaughan Decl., ¶ 13.

6. PRA is able to extract the information included in the Sale File for each customer and include it in an account-specific document referred to as "Load Data." The Load Data contains information related to the subject account, including but not limited to, the amount of outstanding debt and the personal identifying information and contact information for the individual who owes the subject account. The Load Data also lists a reference number that corresponds to the "Sale File" from which the data was extracted. Vaughan Decl., ¶ 14.

7. On or about March 12, 2024, PRA purchased a portfolio of accounts from Synchrony Bank ("Synchrony"). The portfolio of accounts purchased included an Account ending in -7880 (the "Account") associated with an individual with the name of "Jarrett Jenkins". Vaughan Decl., ¶ 15, Ex. A.

8. Mr. Jenkins admits that he opened the Synchrony Bank Account and that he defaulted on the Account. *See* Pl's Resp. to PRA's Req. for Admiss. Nos. 1-2, attached as **Exhibit 2**; *see also* Deposition of Jarrett Jenkins ("Jenkins Tr."), 14:6-12, June 17, 2026, relevant excerpts attached as **Exhibit 3**.

9. The Bill of Sale states that Synchrony Bank sold to PRA "to the extent of its ownership, the Accounts as set forth in the Notification Files . . . delivered by Seller to Buyer on or about the 12th of March 2024." Vaughan Decl., ¶ 18, Ex. A.

10. Pursuant to the Bill of Sale for Mr. Jenkins's Account, the Sale File reference number for the portfolio of accounts PRA purchased from Synchrony Bank on or about March 12,

2024 is "IC_SFFLPRFS_DMPLA_DebtManager-20240313051335125153000-381650-PLCMNT-EXPORT.xml.gzip." Vaughan Decl., ¶ 16, Ex. A.

11. The Sale File reference number provided on the Load Data for Mr. Jenkins's Account is "IC_SFFLPRFS_DMPLA_DebtManager-20240313051335125153000-381650-PLCMNT-EXPORT.XML". Vaughan Decl., ¶ 17, Ex. B.

12. For Plaintiff's Account, PRA received a sale notification letter dated March 30, 2024 from Synchrony addressed to Plaintiff evidencing and confirming the sale of the Account to PRA. Vaughan Decl., ¶ 19, Ex. C.

13. Plaintiff admits that he resided at 334 Locust Street, Apt. 1, West Hempstead, New York 11552 in March and April 2024 and that he received mail at that address during those months. *See* Pl's Resp. to PRA's Req. for Admiss. Nos. 3-6; *see also* Jenkins Tr. 8:20-2, Ex. 3.

14. PRA also received an Affidavit of Sale regarding the sale of Plaintiff's account to PRA that was executed by Synchrony Bank employee Sally Nester and incorporated into PRA's business records. Vaughan Decl., ¶ 20, Ex. D.

15. PRA regularly receives certain limited information regarding consumers who owe PRA a financial obligation via an automatic transmission of data from TransUnion, LLC ("TransUnion"), a national consumer reporting agency. Vaughan Decl., ¶ 21.

16. The information PRA receives does not include the consumer's entire credit report. Rather, PRA receives only certain information including, but not limited to, the consumer's name, address, phone number (if available), Social Security number, and whether Plaintiff has any bankruptcy or foreclosure records. Vaughan Decl., ¶ 22.

17. PRA provided a general certification of permissible purpose pursuant to 15 U.S.C. § 1681b(f)(2) and 15 U.S.C. § 1681e to TransUnion before it started to receive consumer information. Vaughan Decl., ¶ 23.

18. PRA uses the credit information it receives from TransUnion in connection with its attempts to collect or otherwise recover the financial obligations owed to it by consumers. Vaughan Decl., ¶ 24.

19. PRA received Mr. Jenkins's information from TransUnion following PRA's purchase of the Account from Synchrony Bank. Vaughan Decl., ¶ 25.

20. PRA used this information in connection with its attempts to collect or otherwise recover the financial obligation Mr. Jenkins owes PRA arising from the Account. Vaughan Decl., ¶ 26.

Dated: October 5, 2026

**TROUTMAN PEPPER LOCKE LLP**

By: */s/ Stephen D. Lozier*

Stephen D. Lozier, admitted pro hac vice
225 W. Randolph St., Ste. 2600
Chicago, IL 60606
Telephone: (312) 759-3203
Email: stephen.lozier@troutman.com

Stephen J. Steinlight
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6008
Facsimile: (212) 704-6288
Email: stephen.steinlight@troutman.com

*Attorneys for Defendant Portfolio Recovery Associates, LLC*