# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
Jarrett R. Jenkins,
Plaintiff,
Case No. 2:25-cv-06081-NCM-ST
-against-

Portfolio Recovery Associates, L.L.C.,

Defendant,
-----------------------------------------------------X

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

**General Objections**

Plaintiff objects to each Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, seeks information not relevant to any claim or defense, is not proportional to the needs of the case, seeks a pure legal conclusion, assumes facts not established, mischaracterizes the allegations in the Complaint, or uses undefined terms that are susceptible to multiple meanings.

Plaintiff further objects to any Request to the extent it seeks an admission regarding matters outside Plaintiff's personal knowledge or seeks an admission to disputed facts framed as established facts.

Subject to and without waiving the foregoing objections, and after reasonable inquiry, Plaintiff responds to each Request separately below. Any objection stated in response to a particular Request applies only to that Request.

**REQUESTS FOR ADMISSION**

1.

Admit that you incurred a financial obligation to Synchrony Bank for an account ending in numbers -7880.

**RESPONSE:**

Admit.

2.

Admit that you defaulted on your financial obligation on the account ending in numbers -7880.

**RESPONSE:**

Admit.

3.

Admit that in March 2024 you resided at 334 Locust St., West Hempstead, NY 11552.

**RESPONSE:**

Plaintiff admits that in March 2024 he resided at **334 Locust St., Apt. 1, West Hempstead, NY 11552**. Plaintiff denies the Request as written to the extent it omits **"Apt. 1."**

4.

Admit that in April 2024 you resided at 334 Locust St., West Hempstead, NY 11552.

**RESPONSE:**

Plaintiff admits that in March 2024 he resided at **334 Locust St., Apt. 1, West Hempstead, NY 11552**. Plaintiff denies the Request as written to the extent it omits **"Apt. 1."**

5.

Admit that in March 2024 you received mail at 334 Locust St. West Hempstead, NY 11552.

**RESPONSE:**

Plaintiff admits that in March 2024 he received mail at **334 Locust St., Apt. 1, West Hempstead, NY 11552**. Plaintiff denies the Request as written to the extent it omits **"Apt. 1."**

6.

Admit that in April 2024 you received mail at 334 Locust St., West Hempstead, NY 11552.

**RESPONSE:**

Plaintiff admits that in April 2024 he received mail at **334 Locust St., Apt. 1, West Hempstead, NY 11552**. Plaintiff denies the Request as written to the extent it omits **"Apt. 1."**

7.

Admit that you received a letter from Synchrony Bank dated March 30, 2024 that stated, "[t]his letter is to inform you that the above-referenced account was sold to Portfolio Recovery Associates, LLC on 03/12/2024."

**RESPONSE:**

After reasonable inquiry, Plaintiff lacks sufficient information to admit or deny this Request because the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny whether Plaintiff received the letter referenced in this Request, and therefore denies this Request.

8.

Admit that your credit score did not decrease due to PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is vague, compound, and mischaracterizes the allegations in the Complaint by conflating alleged injury, causation, and the contents of the pleading. Subject to and without waiving that objection, Plaintiff denies this Request.

9.

Admit that you have no documents evidencing that your credit score decreased due to PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is vague, compound, and mischaracterizes the allegations in the Complaint by conflating documents, causation, and the contents of the pleading. Subject to and without waiving that objection, Plaintiff denies this Request.

10.

Admit that you were not denied credit due to PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is vague, compound, and mischaracterizes the allegations in the Complaint by conflating credit denial, causation, and the contents of the pleading. Subject to and without waiving that objection, Plaintiff denies this Request.

11.

Admit that you have no documents evidencing that you were denied credit due to PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is vague, compound, and mischaracterizes the allegations in the Complaint by conflating documents, credit denial, causation, and the contents of the pleading. Subject to and without waiving that objection, Plaintiff denies this Request.

12.

Admit that you were not offered credit for less favorable terms due to the alleged acts or omission by PRA set forth in the Complaint.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is vague, compound, and mischaracterizes the allegations in the Complaint by conflating credit terms, causation, and the contents of the pleading. Subject to and without waiving that objection, Plaintiff denies this Request.

13.

Admit that you have suffered no financial harm caused by the alleged acts or omissions by PRA set forth in the Complaint.

**RESPONSE:**

Denied.

14.

Admit that you have no evidence that PRA knowingly committed any act or omission in conscious disregard of your rights.

**RESPONSE:**

Denied.

15.

Admit that you have no evidence that PRA intentionally committed any act or omission in conscious disregard of your rights.

**RESPONSE**:

Denied.

16.

Admit that you have no evidence that PRA recklessly committed any act or omission in conscious disregard of your rights.

**RESPONSE**:

Denied.

17.

Admit that you have suffered no emotional harm caused by the alleged acts or omissions by PRA set forth in the Complaint.

**RESPONSE**:

Denied.

18.

Admit that you did not seek medical attention as a result of PRA's actions or omissions as alleged in the Complaint.

**RESPONSE**:

Admitted.

19.

Admit that you have no documents evidencing any emotional harm suffered by you due to the alleged acts or omissions by PRA set forth in the Complaint.

**RESPONSE**:

Denied.

20.

Admit that you suffered no concrete harm as a result of PRA's conduct as alleged in the Complaint.

**RESPONSE**:

Denied.

21.

Admit that you suffered no particularized harm as a result of PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Denied.

22.

Admit that you suffered no economic loss as a result of PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Denied.

23.

Admit that you suffered no actual damages as a result of PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Denied.

24.

Admit that you suffered no injury-in-fact as a result of PRA's conduct as alleged in the Complaint.

**RESPONSE:**

Denied.

March 16, 2026

Respectfully submitted,

/s/Jarrett R. Jenkins_________

Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

**CERTIFICATE OF SERVICE**

March 16, 2026

Jarrett R. Jenkins
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

I hereby certify under the penalty of perjury that I served a copy of the "Plaintiff's Response to First Set of Requests for Admission from Defendant" dated March 16, 2026, in reference to 2:25-cv-06081-NCM-ST, on Stephen J. Steinlight of Troutman Pepper Locke, LLP at 875 Third Avenue, New York, NY 10022, by **USPS First Class Certified Mail** (9589 0710 5270 2698 2300 63).

/*s*/Jarrett R. Jenkins________
Jarrett R. Jenkins (Plaintiff)